ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **THE CBE GROUP, INC. and**<br>**RGS FINANCIAL, INC.,** | § <br> § <br> § | |
| Plaintiffs, | § <br> § | |
| v. | § <br> § | Civil Action No.: **3:17-CV-2594-L** |
| **JOHN C. HEATH, ATTORNEY AT**<br>**LAW, PLLC d/b/a LEXINGTON LAW**<br>**FIRM and PROGREXION ASG, INC.,** | § <br> § <br> § <br> § | |
| Defendants. | § <br> § | |

### Court's Charge to the Jury

**Members of the Jury:**

### Introduction

Now that you have heard the evidence, it is my duty to instruct you on the law that is applicable to this case. It is your duty as jurors to follow the law as stated in this Charge and to apply the rules of law to the facts as you find them from the evidence in this case. I will instruct you regarding the law that you must apply in answering certain questions of fact in this case, and I will read to you those questions in a few minutes.

The attorneys will then have the opportunity to make their closing arguments. You are instructed that the statements and arguments of counsel are not evidence. They are intended only to assist the jury in understanding the evidence and the contentions of the parties to this lawsuit. In other words, the closing arguments made by the lawyers are their interpretations of what they believe the evidence shows or does not show. After the attorneys make their closing arguments, I

**Court's Charge to the Jury – Page 1**

will give you some additional instructions, after which you will retire to commence your deliberations.

Plaintiffs in this action are CBE Group, Inc. and RGS Financial, Inc. I will refer to CBE Group, Inc. as ("CBE"), and RGS Financial, Inc. as ("RGS"). At times CBE and RGS collectively are referred to as Plaintiffs. Defendants in this action are John C. Heath, Attorney at Law, PLLC d/b/a Lexington Law Firm and Progrexion ASG, Inc. I will refer to John C. Heath, Attorney at Law, PLLC doing business as Lexington Law Firm as "Lexington Law" and Progrexion ASG, Inc. as "Progrexion." At times Lexington Law and Progrexion collectively are referred to as Defendants.

The parties to this litigation must be treated exactly alike insofar as their rights are concerned. This case must be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The law is no respecter of persons. A corporation and all other persons stand equal before the law and are to be dealt with as equals in a court of law.

In arriving at your verdict, it is your duty to follow the rules of law that I give to you and to find the facts of this case from the evidence introduced at trial and in accordance with these rules of law. You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole. You are not to be concerned with the wisdom of any rule or law stated by me. Do not let bias, sympathy, or prejudice play any part in your deliberations.

You must not consider or be influenced by the fact that during the trial of this case counsel have made objections to some of the testimony and exhibits, as it is their duty to do so; and it is the duty of the court to rule on those objections in accordance with the law. Any evidence to which an objection was sustained by the court, and any evidence that was stricken by the court, must be

Court's Charge to the Jury – Page 2

entirely disregarded and not considered by you for any purpose. If evidence was admitted for a limited purpose, you must consider it only for that limited purpose.

You are not bound by any opinion that you might think the court has concerning the facts of this case, and if I have in any way said or done anything that leads you to believe that I have any opinions about the facts in this case, you are hereby instructed to disregard it. Further, nothing in these instructions to you is made for the purpose of suggesting to you what verdict I think you should find.

### Credibility and Number of Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that particular witness.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the present testimony of that witness. If you believe that any witness has been impeached, it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget things or remember other things inaccurately; therefore, if a witness has made a misstatement, you need only consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the importance of that may depend on whether it has to do with an important factor or with only an unimportant detail.

### Filing of a Lawsuit

That a person or company files a lawsuit and is seeking damages does not create an inference that the person or company is entitled to prevail. The act of making a claim or filing a lawsuit, by itself, does not establish or prove the claim alleged or asserted. As jurors, you will determine whether a claim has been proved and whether a party is entitled to damages.

### Evidence and Inferences

Generally speaking, there are two types of evidence that a jury may consider in properly finding the truth as to the facts in this case. One is direct evidence—such as the testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that point to the existence or nonexistence of certain facts. As a general rule, the law makes no

distinction between direct and circumstantial evidence but simply requires that the jury find the facts from the evidence, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences and deductions from the evidence. The expression "to draw an inference" means to find that a fact exists based on proof of another fact. An inference may be drawn only if it is reasonable and logical, not if it is speculative. Therefore, in deciding whether to draw an inference, you must consider all the facts in the light of reason, common sense, and experience. After you have done that, the question whether to draw a particular inference is for you to decide.

### Burden of Proof

The burden is on CBE and RGS in a civil action such as this to prove every essential element of their respective claims by a "preponderance of the evidence," unless I direct you otherwise on a specific issue. A preponderance of the evidence means such evidence that, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you are to consider the testimony of all the witnesses, regardless of whom may have called them, and all the exhibits received into evidence, regardless of whom may have introduced them. If the proof should fail to establish any essential element of any of CBE's or RGS's claims by a preponderance of the evidence, you must find against them with respect to that particular claim.

## Deposition Testimony

In this case, the testimony of Ms. Agustina Chavarria was presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Before this trial, attorneys representing the parties in this case questioned Ms. Chavarria under oath. A court reporter was present and recorded the testimony. Deposition testimony is allowed when a witness is unavailable to testify at trial, or the person is the designated company representative. Deposition testimony is entitled to the same consideration and is to be judged by you as to credibility, and weighed and otherwise considered by you insofar as possible in the same way, as if the witness had been present and had testified from the witness stand in court.

## Notes of Jurors

Some of you may have taken notes. Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not in evidence. If you have not taken notes, you should rely on your independent recollection and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## Transcript of Proceedings

An official reporter has made a record of the entire trial. A typewritten transcript of this trial, however, will not be available for your use during jury deliberations in this case.

### Stipulated Facts

Stipulated facts must be considered in the same way as if that testimony was received. The parties have stipulated or agreed to the following matters. This means that you are to accept them as true, and no additional evidence is necessary to establish their veracity:

1.      CBE is an *Iowa Corporation* that has a location in New Braunfels, Comal County, Texas.

2.      RGS is a *Texas Corporation* that has a location in Richardson, Dallas County, Texas.

3.      CBE is a data furnisher subject to the rules imposed by the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and relevant state laws.

4.      RGS is a data furnisher subject to the rules imposed by the FCRA, FDCPA and relevant state laws.

5.      Lexington Law is the d/b/a for John C. Heath, PLLC, which is a *Utah professional limited liability corporation* with its principal place of office at 360 North Cutler Drive, Salt Lake City, Utah 84054.

6.      Lexington Law is a law firm that advertises itself as "the leading credit repair law firm."

7.      Progrexion, is a *Delaware Corporation*, with its principal place of business at 330 North Cutler Drive, North Salt Lake, Utah 84054.

8.      Progrexion is a credit repair organization that advertises itself as "a technology-enabled consumer services business that leads the way in Credit Repair."

9.     Progrexion and Lexington Law have entered into various service agreements including accounting, human resource management, payment processing, and intellectual technologies management services.

10.    Under their agreements, Lexington Law receives services from Progrexion that aid Lexington Law in its credit repair services.

11.    Under their agreements, Progrexion receives a flat fee from Lexington Law as well as fees per consumer client serviced by Lexington Law.

12.    Progrexion leases the trademark Lexington Law to John C. Heath, Attorney at Law, PLLC d/b/a Lexington Law Firm.

13.    Progrexion is owner of patented software that generates context-based unique letter (Patent No.: US 10,114,798 B2) ("Letter Generation Software").

14.    Progrexion provides the Letter Generation Software to Lexington Law for a fee.

15.    Progrexion provides training to Lexington Law paralegals.

16.    Progrexion markets on behalf of Lexington Law.

17.    Progrexion generates sales leads on behalf of Lexington Law.

18.    Progrexion completes client enrollment on behalf of Lexington Law.

19.    Through Progrexion, Lexington Law enters into an engagement agreement with its consumer client electronically.

20.    Progrexion sends Lexington Law's engagement agreement to prospective consumer clients via e-mail or text.

21.    Lexington Law has different service levels to which its consumer clients may sign up.

22.     The service level chosen by the consumer client affects the number of dispute letters generated by Defendants through the Letter Generation Software.

23.     Lexington Law's service levels are opt-out plans that automatically renew every month unless its consumer client cancels the service plan.

24.     Lexington Law's consumer client accesses a user interface called, Case Valet.

25.     In the Case Valet, consumer client chooses how he or she wishes Lexington Law to challenge the negative items on his or her credit report.

26.     Based on the consumer client's challenge preference, selections and according to the chosen service plan, Defendants draft and sign dispute letters in the consumer client's name and signature using the Letter Generation Software.

27.     Based on the consumer client's challenge preference, selections and according to the chosen service plan, Defendants print and mail the generated dispute letters first to the consumer client's resident state and from there to the intended recipient of the dispute letters such as Plaintiffs in the consumer client's name.

28.     Defendants send the generated dispute letter to the consumer client's state of residence.

29.     Defendants postmark and mail the generated dispute letter to credit bureaus, creditors, and collection agencies such as Plaintiffs in the consumer client's name and from the consumer client's residence state.

30.     Consumer clients are not aware that letters are being generated using the Letter Generation Software.

31.     Consumer clients are not aware that their selections in Case Valet and other selections they make on Lexington Law's website are inputted into the Letter Generation Software and affect the dispute letters generated.

32.     Consumer clients are not aware that letters are being mailed from their state of residence.

33.     Consumer clients are not offered the opportunity to review the letters generated through the Letter Generation Software.

34.     Defendants draft and sign the dispute letter using the Letter Generation Software and mail dispute letters to a particular entity monthly per the terms of the service plan until the consumer either updates his or her challenge preference, or cancels his or her services with Lexington Law.

35.     Defendants do not disclose to the recipient of the dispute letters that the letters are associated with Defendants.

36.     Defendants do not disclose to the recipient of the dispute letters that the letters are drafted and signed by Defendants using the Letter Generation Software.

37.     Defendants do not disclose to the recipient of the dispute letters that the letters are printed and mailed by Defendants.

38.     Defendants do not disclose to the recipient of the dispute letters that the consumer client did not draft or sign the letters.

39.     Defendants do not disclose to the recipient of the dispute letters that the consumer client did not review the letters.

40.     Defendants do not disclose to the recipient of the dispute letters that the consumer client has no knowledge that the letters were drafted, signed or mailed in his or her name and signature and from his or her state of residence.

41.     Defendants intended that the recipient of the dispute letters treat the dispute letter as if the consumer personally drafted, signed and mailed the dispute letter.

42.     Defendants do not have a process in place whereby Defendants reach out to Lexington Law's consumer clients for information concerning any responses to the dispute letters the consumer client may have received from recipients of the dispute letters.

43.     Defendants assume that if Lexington Law's consumer client does not update Defendants regarding any responses to dispute letters, Defendants assume that Lexington Law's consumer client has been ignored and continue drafting, signing and mailing dispute letters.

44.     Plaintiffs have received thousands of pieces of dispute letters purportedly drafted and signed by Lexington Law's consumer clients.

45.     Plaintiffs have received thousands of pieces of dispute letters purportedly drafted and signed by Lexington Law's consumer clients even after they had responded to their dispute letters previously.

46.     Plaintiffs are obligated under the FDCPA, the FCRA and various state laws to investigate and respond to the dispute letters when they are directly from the consumer.

47.     Plaintiffs determine whether a dispute letter is frivolous on a case-by-case basis.

### Definitions of Terms and Explanations Under Federal Law

The FCRA defines the term "consumer" to mean an individual.  Lexington Law's clients are consumers within the meaning of the FCRA.

"Furnisher" means an entity that furnishes or transmits information (data) relating to debts owed by consumers to consumer reporting agencies for inclusion in a consumer report.  Plaintiffs are furnishers and subject to the FCRA.

The term "person," for purposes of this case, means any individual, partnership, or corporation.

The FCRA allows consumers to dispute information directly with the credit furnisher. The FCRA requires a data furnisher to:

(i)     conduct an investigation with respect to the disputed information;

(ii)    review all relevant information provided by the consumer with the notice;

(iii)   complete such person's investigation of the dispute and report the results of the investigation to the consumer before the expiration of 30 days within which a consumer reporting agency would be required to complete its action if the consumer had elected to dispute the information under that section; and

(iv)    if the investigation finds that the information reported was inaccurate, promptly notify each consumer reporting agency to which the person furnished the inaccurate information of that determination and provide to the agency any correction to that information that is necessary to make the information provided by the person accurate.

Under the FCRA, there is no duty to investigate if the person receiving a notice of a dispute from a consumer reasonably determines that the dispute is frivolous or irrelevant, including —

(a)     by reason of the failure of a consumer to provide sufficient information to investigate the disputed information; or

(b)     the submission by a consumer of a dispute that is substantially the same as a dispute previously submitted by or for the consumer, either directly to the person or through

a consumer reporting agency, with respect to which the person has already performed the investigation.

(c)   Upon making any determination that a dispute is frivolous or irrelevant, the person shall notify the consumer of such determination not later than five business days after making such determination, by mail or, if authorized by the consumer for that purpose, by any other means available to the person.

### Plaintiffs' Claims for Fraud

Plaintiffs contend Defendants committed fraud in the drafting, signing and mailing of dispute correspondence purportedly by consumers without the consumers' knowledge or consent.

Defendants deny Plaintiffs' fraud claim and deny that any representation made was false or made recklessly, as a positive assertion, and without the knowledge of its truth. Defendants deny the correspondence sent to Plaintiffs was frivolous, and contend that Plaintiffs are under no obligation to respond to a frivolous dispute under the FCRA.

To establish fraud, Plaintiffs must prove by a preponderance of the evidence that:

1.   Defendants made a material misrepresentation that was false;

2.   Defendants knew the misrepresentation was false or made it recklessly as a positive assertion without any knowledge of its truth;

3.   Defendants intended to induce Plaintiffs to act upon the misrepresentation; and

4.   Plaintiffs actually and justifiably relied on the misrepresentation, which caused the injury, that is, the injury was the proximate result of the reliance on the misrepresentation.

"Misrepresentation" means a false statement of fact.

**Question No. 1:** Did CBE prove by a preponderance of the evidence that Lexington Law committed fraud against it?

Answer "Yes" or "No."

Answer: ____Yes_____

**Question No. 2:** Did RGS prove by a preponderance of the evidence that Lexington Law committed fraud against it?

Answer "Yes" or "No."

Answer: ____Yes_____

**Question No. 3:** Did CBE prove by a preponderance of the evidence that Progrexion committed fraud against it?

Answer "Yes" or "No."

Answer: _____ Yes _____

**Question No. 4:** Did RGS prove by a preponderance of the evidence that Progrexion committed fraud against it?

Answer "Yes" or "No."

Answer: _____ Yes _____

### Plaintiffs' Claims for Fraud by Nondisclosure

Plaintiffs also contend that Defendants committed fraud against them by nondisclosure. Under the applicable law, fraud by nondisclosure is another way a person may commit fraud. To establish their claims of fraud by nondisclosure, Plaintiffs must prove by a preponderance of the evidence that:

1. Lexington Law and Progrexion failed to disclose a material fact within their knowledge;

2. Lexington Law and Progrexion knew that the other party was ignorant of the fact and did not have an equal opportunity to discover the truth;

3. Lexington Law and Progrexion intended to induce CBE and RGS to take some action by failing to disclose that fact; and

4. CBE and RGS suffered injury as a result of acting without knowledge of the undisclosed fact.

**Question No. 5:** Did CBE prove by a preponderance of the evidence that Lexington Law committed fraud by nondisclosure against it?

Answer "Yes" or "No."

Answer: _____Yes_____

**Question No. 6:** Did RGS prove by a preponderance of the evidence that Lexington Law committed fraud by nondisclosure against it?

Answer "Yes" or "No."

Answer: _____Yes_____

**Question No. 7:** Did CBE prove by a preponderance of the evidence that Progrexion committed fraud by nondisclosure against it?

Answer "Yes" or "No."

Answer: _____Yes_____

**Question No. 8:** Did RGS prove by a preponderance of the evidence that Progrexion committed fraud by nondisclosure against it?

Answer "Yes" or "No."

Answer: _____Yes_____

## Plaintiff's Conspiracy Claims

Plaintiffs contend that Defendants were part of a conspiracy that caused them to suffer damages. Defendants deny that they were part of any conspiracy that caused Plaintiffs to suffer any damages.

A civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. The elements of a conspiracy are: (1) two or more persons; (2) an objective to be accomplished; (3) a meeting of the minds on the objective or course of action; (4) one or more unlawful, overt acts; and (5) damages that were proximately caused by the conspiracy. An "unlawful, overt act" means an unlawful act that is done openly to further the conspiracy. To be liable for a conspiracy, a party must be shown to have intended to do more than engage in the conduct that resulted in the injury. It must be shown that from the inception of the combination or agreement that the party intended to cause the injury or was aware of the harm likely to result from the wrongful conduct. This means that the party must be shown to have known the object and purpose of the conspiracy and to have had a meeting of the minds with the other conspirators to accomplish that object and purpose, intending to bring about the resulting injury.

**Question No. 9:** Did CBE prove by a preponderance of the evidence that Lexington Law was part of a conspiracy that caused it to be damaged?

Answer "Yes" or "No."

Answer: _____ No _____

**Question No. 10:** Did RGS prove by a preponderance of the evidence that Lexington Law was part of a conspiracy that caused it to be damaged?

Answer "Yes" or "No."

Answer: _____ No _____

**Question No. 11:** Did CBE prove by a preponderance of the evidence that Progrexion was part of a conspiracy that caused it to be damaged?

Answer "Yes" or "No."

Answer: _____ No _____

**Question No. 12:** Did RGS prove by a preponderance of the evidence that Progrexion was part of a conspiracy that caused it to be damaged?

Answer "Yes" or "No."

Answer: _____ No _____

### Compensatory Damages

If you find for Plaintiffs on any of their claims, you must then consider the issue of the amount of money damages, if any, to award. You are to award Plaintiffs an amount of money they show by a preponderance of the evidence to be fair and adequate compensation for the loss that proximately resulted from Defendants' wrongful conduct that you may have found.

You must not in any way interpret the fact that I am giving instructions about Plaintiffs' alleged damages as an indication that I believe that Defendants should, or should not, prevail in this case. It is your task to decide whether Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Plaintiffs are entitled to recover money from Defendants.

If you find that Defendants are liable to Plaintiffs, then you must determine an amount that is fair compensation for all of Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make a party whole—that is, to compensate the party for the injury that it has suffered.

You may award compensatory damages only for injuries that Plaintiffs prove were proximately caused by Defendants allegedly wrongful conduct. "Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. To be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him or her would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

The damages that you award must be fair compensation for all of Plaintiffs' damages, if any, no more and no less. You may not award compensatory damages for speculative injuries, but only for those injuries that Plaintiffs have actually suffered. If you decide to award compensatory damages, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of their losses, if any, with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

### Mitigation of Damages

A person or entity that claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate its damages, that is, to avoid or to minimize those damages.

If you find Defendants are liable and Plaintiffs have suffered damages, Plaintiffs may not recover for any item of damage that they could have avoided through reasonable effort. If you find that Defendants Lexington Law and Progrexion have proved by a preponderance of the evidence that CBE and RGS unreasonably failed to take advantage of any opportunity to lessen their damages, you are to deny them recovery for those damages that they would have avoided had they taken advantage of the opportunity.

You are the sole judge of whether CBE and RGS acted reasonably in avoiding or minimizing their damages. Injured plaintiffs may not sit idly by when presented with an opportunity to reduce their damages; however, they are not required to make unreasonable efforts or to incur unreasonable expenses in mitigating damages. Defendants Lexington Law and

Progrexion have the burden of proving the damages that CBE and RGS could have mitigated.  In deciding whether to reduce CBE and RGS's damages because of their failure, if any, to mitigate, you must weigh all the evidence in light of the circumstances of the case, using sound discretion in deciding whether Lexington Law and Progrexion have satisfied their burden of proving that CBE's and RGS's conduct was not reasonable.

### Fraud Damages

With respect to Question Nos. 1 through 8, if you have answered "Yes" to any of these questions, answer the following question; otherwise, do not answer it.

**Question No. 13:** What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their damages, if any, that resulted from such fraud?

Consider the following elements of damages, if any, and none other.

1.     *Lost time*: The reasonable value of the time spent by Plaintiffs reviewing and responding to the letters in question.

2.     *Expenses*: The reasonable and necessary costs incurred in reviewing and responding to the letters in question.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

As to CBE

    1.    Lost time sustained in the past.

    Answer: $ 452,685.00

    2.    Expenses sustained in the past.

    Answer: $ 60,358.00

As to RGS

    1.    Lost time sustained in the past.

    Answer: $ 35,280.00

    2.    Expenses sustained in the past.

    Answer: $ 3,360.00

**Question No. 13a:** What percentage of the damages awarded in Question No. 13, if any, to CBE do you attribute to each party below. The percentages must total 100%.

    Lexington Law:    65 %

    Progrexion:    35 %

**Question No. 13b:** What percentage of the damages awarded in Question No. 13, if any, to RGS do you attribute to each party below. The percentages must total 100%.

    Lexington Law:    65 %

    Progrexion:    35 %

**Question No. 14:**  Do you find by clear and convincing evidence that the harm to CBE resulted from any fraud found by you in Question Nos. 1 or 5?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.  Clear and convincing evidence is a higher burden than preponderance of the evidence.

Answer "Yes" or "No."

Answer: _____ Yes _____


**Question No. 15:**  Do you find by clear and convincing evidence that the harm to CBE resulted from any fraud found by you in Question Nos. 3 or 7?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.  Clear and convincing evidence is a higher burden than preponderance of the evidence.

Answer "Yes" or "No."

Answer: _____ Yes _____

Answer the following question only if you answered "Yes" to Question No. 14; otherwise, do not answer it.

**Question No. 16:**  What sum of money, if any, if paid now in cash, should be assessed against Lexington Law and awarded to CBE as exemplary damages, if any, found in Question Nos. 1 or 5?

"Exemplary damages" means an amount that you may in your discretion award as a penalty to punish a party for its conduct and to deter it and others from engaging in similar conduct in the future.  The law does not require you to award exemplary damages; however, if you decide to award such damages, you must use sound reason in setting the amount of damages.

Factors to consider in awarding exemplary damages, if any, are—

1.  The nature of the wrong.

2.  The character of the conduct involved.

3.  The degree of culpability of Lexington Law.

4.  The situation and sensibilities of the parties concerned.

5.  The extent to which such conduct offends a public sense of justice and propriety.

Answer in dollars and cents, if any, as to CBE.

Answer: ___$ 851, 887.00___

Answer the following question only if you answered "Yes" to Question No. 15; otherwise, do not answer it.

**Question No. 17:**   What sum of money, if any, if paid now in cash, should be assessed against Progrexion and awarded to CBE as exemplary damages, if any, for the conduct found in response to Question Nos. 3 or 7?

"Exemplary damages" means an amount that you may in your discretion award as a penalty to punish a party for its conduct and to deter it and others from engaging in similar conduct in the future.   The law does not require you to award exemplary damages; however, if you decide to award such damages, you must use sound reason in setting the amount of damages.

Factors to consider in awarding exemplary damages, if any, are—

1.     The nature of the wrong.

2.     The character of the conduct involved.

3.     The degree of culpability of Progrexion.

4.     The situation and sensibilities of the parties concerned.

5.     The extent to which such conduct offends a public sense of justice and propriety.

Answer in dollars and cents, if any, as to CBE.

Answer: _$1,010,055.00_

**Question No. 18:**  Do you find by clear and convincing evidence that the harm to RGS resulted from any fraud found by you in Question Nos. 2 or 6?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.  Clear and convincing evidence is a higher burden than preponderance of the evidence.

Answer "Yes" or "No."

Answer: _____ Yes _____

**Question No. 19:**  Do you find by clear and convincing evidence that the harm to RGS resulted from any fraud found by you in Question Nos. 4 or 8?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.  Clear and convincing evidence is a higher burden than preponderance of the evidence.

Answer "Yes" or "No."

Answer: _____ Yes _____

Answer the following question only if you answered "Yes" to Question No. 18; otherwise, do not answer it.

**Question No. 20:**  What sum of money, if any, if paid now in cash, should be assessed against Lexington Law and awarded to RGS as exemplary damages, if any, for the conduct found in response to Question Nos. 2 or 6?

"Exemplary damages" means an amount that you may in your discretion award as a penalty to punish a party for its conduct and to deter it and others from engaging in similar conduct in the future.  The law does not require you to award exemplary damages; however, if you decide to award such damages, you must use sound reason in setting the amount of damages.

Factors to consider in awarding exemplary damages, if any, are—

1.     The nature of the wrong.

2.     The character of the conduct involved.

3.     The degree of culpability of Lexington Law.

4.     The situation and sensibilities of the parties concerned.

5.     The extent to which such conduct offends a public sense of justice and propriety.

Answer in dollars and cents, if any, as to RGS.

Answer: _____$39,519.00_____

Answer the following question only if you answered "Yes" to Question No. 19; otherwise, do not answer it.

**Question No. 21:**  What sum of money, if any, if paid now in cash, should be assessed against Progrexion and awarded to RGS as exemplary damages, if any, for the conduct found in response to Question Nos. 4 or 8?

"Exemplary damages" means an amount that you may in your discretion award as a penalty to punish a party for its conduct and to deter it and others from engaging in similar conduct in the future.  The law does not require you to award exemplary damages; however, if you decide to award such damages, you must use sound reason in setting the amount of damages.

Factors to consider in awarding exemplary damages, if any, are—

1.      The nature of the wrong.

2.      The character of the conduct involved.

3.      The degree of culpability of Progrexion.

4.      The situation and sensibilities of the parties concerned.

5.      The extent to which such conduct offends a public sense of justice and propriety.

Answer in dollars and cents, if any, as to RGS.

Answer:      $ 46,856.00

Answer the following question only if you answered "Yes" to Question Nos. 1 or 5; otherwise, do not answer the following question.

**Question No. 22:**  By what date should CBE, in the exercise of reasonable diligence, have discovered the fraud, if any, of Lexington Law?

Answer: _____ 8 / 3 / 2018 _____

Answer the following question only if you answered "Yes" to Question Nos. 2 or 6; otherwise, do not answer the following question.

**Question No. 23:**  By what date should RGS, in the exercise of reasonable diligence, have discovered the fraud, if any, of Lexington Law?

Answer: _____ 10 / 1 / 2018 _____

Answer the following question only if you answered "Yes" to Question Nos. 3 or 7; otherwise, do not answer the following question.

**Question No. 24:**  By what date should CBE, in the exercise of reasonable diligence, have discovered the fraud, if any, of Progrexion?

Answer: _____ 8 / 3 / 18 _____

Answer the following question only if you answered "Yes" to Question Nos. 4 or 8; otherwise, do not answer the following question.

**Question No. 25:**  By what date should RGS, in the exercise of reasonable diligence, have discovered the fraud, if any, of Progrexion?

Answer: _____ 10 / 1 / 2018 _____

## Final Instructions After Argument

You are the sole and exclusive judges of the facts.  You should determine these facts without any bias, prejudice, sympathy, fear, or favor, and this determination should be made from a fair consideration of all the evidence that you have seen and heard in this trial.  Our system of law does not permit jurors to be governed by prejudice, sympathy, or public opinion.  Both parties and the public expect that you will carefully and impartially consider all of the evidence in this case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.  Do not speculate on matters that are not in evidence.  Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence in this case.  Your answers and verdict must be unanimous; that is, all of you must agree to each of your answers.

You will now retire to the jury room.  In a few minutes, I will send to you this Charge and the exhibits that the court has admitted into evidence.  After you receive the Court's Charge and exhibits from the court, you should select your presiding juror and commence your deliberations.  A transcript of the testimony will not be available for your deliberations.  Remember, do not begin your deliberations until after you have received the Court's Charge and all exhibits admitted into evidence.  Do not deliberate unless all jurors are present.

If during the course of your deliberations you wish to communicate with the court, you must do so only in writing by a note signed by the presiding juror, who will present it to the court security officer.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, with respect to any message or question you might send, that you should never state or specify your numerical division at the time.

During your deliberations, unless I direct otherwise, you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.

After you have reached your verdict, you will return this Charge and your written answers to the foregoing questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.

Your presiding juror will sign in the space provided in the Verdict Form after you have reached your verdict.

**Dated**: July 2, 2019.

Sam A. Lindsay
United States District Judge

## Verdict of the Jury

We, members of the jury, have answered the above and foregoing questions as indicated, and herewith return the same into court as our verdict.

_____
Presiding Juror

**Dated:** July ___3___, 2019.